**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHRISTOPHER M. SCALES,

               Petitioner - Appellant,

    v.

JEFFREY A. UTTECHT, Warden,

               Respondent - Appellee.

No. 12-35880

D.C. No. 3:12-cv-05082-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

    Washington state prisoner Christopher M. Scales appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging

his state conviction for unlawful delivery of a controlled substance. We have

jurisdiction under 28 U.S.C. § 2253. We review the denial of a section 2254

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

habeas petition de novo, and the denial of a request for an evidentiary hearing for abuse of discretion. *See Wood v. Ryan*, 693 F.3d 1104, 1112 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 239 (2013). We affirm.

Scales contends that his counsel rendered ineffective assistance by failing to appear for trial. The record shows that prior to trial, Scales knowingly and intelligently waived his right to counsel under *Faretta v. California*, 422 U.S. 806 (1975). Thus, the state court's rejection of Scales's ineffective assistance claim was not contrary to, nor an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

Scales also argues that the district court abused its discretion by denying his requests for an evidentiary hearing and for supplementation of the record under Rule 5, 28 U.S.C. foll. § 2254. We disagree. Because Scales's claim is governed by section 2254(d)(1), federal habeas review "'is limited to the record that was before the state court that adjudicated the claim on the merits.'" *Wood*, 693 F.3d at 1122 (quoting *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011)).

**AFFIRMED.**

12-35880